# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| The Estate of Esperant Glkoriieux Kadiayizila, By and Through His Natural Parents and Heirs, Jeremie Kadiayizila and Anette Nnuzi Lupini, § § § § § § | | |
| *Plaintiffs,* § | | |
| vs. § | **Civil Action No. _____** | |
| Hurst – Euless – Bedford Independent School District, § § § § | | |
| *Defendant.* § | | |

## PLAINTIFFS' COMPLAINT

**To the Honorable United States Judge of Said Court:**

COME NOW, the Estate of Esperant Glkoriieux Kadiayizila, by and through his natural parents and heirs, Jeremie Kadiayizila and Anette Nnuzi Lupini (hereinafter collectively referred to as "Plaintiffs"), and respectfully file this Complaint alleging that the School Board and the Staff of the Hurst – Euless – Bedford Independent School District (hereinafter referred to as "Defendant" or "HEB ISD" or "the School District"), violated the various rights of Esperant as more specifically pled herein.

Plaintiffs reserve the right to replead if new claims and issues arise upon further development of the facts, as permitted by law.

## I. Brief Introduction to the Case

1.     In the Spring of 2024, Esperant fainted at School. He was received at a local hospital where it was determined, among other things, that he had an enlarged heart and a related neurological impairment. Accordingly, a "Physician's Order" was written and provided to School District Staff by his father. It restricted Esperant from participating in any physical education classes and programs until released to do. When School started for the Fall 2024 Semester, his father again provided this information to School District Staff. Apparently, in order to satisfy course requirements, Esperant went to the gymnasium for socialization and light exercise purposes.

2.     On October 8, 2024, Esperant went to the gymnasium with his peers. The same Physical Education teacher, who had observed him faint in class the year before, nevertheless had him run in class with the other students. When Esperant began to experience breathing problems, he told the teacher he needed to stop, but he was not permitted to stop. Some of the other students even attempted to intervene on Esperant's behalf, but to no avail. Others attempted to hold Espeant up, but the gym teacher made them 'let go.' With his heart now 'given out', Esperant collapsed on the floor, cut his chin, bled profusely, and expired shortly thereafter.

3.     Due to a litany of acts and/or omissions by the School District and Staff Members, as described herein, Esperant, by and through his natural parents, file this *Complaint.* Here Plaintiffs allege that their son's civil rights pursuant to the *Due Process* and *Equal Protection Clauses* of the 14th Amendment were violated by

the School Board. These Constitutional Claims may be litigated pursuant to 42 U.S.C. §1983. Moreover, Plaintiffs allege their son was a victim of discrimination based upon disability, as contemplated by both Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and the Americans With Disabilities Act, 42 U.S.C. §12131, et seq. ("ADA").

## II. Jurisdiction

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §1331 and 1343 because the matters in controversy arise under the Constitution and laws of the United States.

## III. Venue

5. Under 28 U.S.C. §1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Texas, Fort Worth Division.

## IV. Parties

6. While alive, Esperant lived with parents, Jeremie Kadiayizila and Anette Nnuzi Lupini in Euless, Texas. At all times pertinent to this case, Esperant lived in HEB ISD catchment area. They bring forth this lawsuit on his behalf in their representative capacities.

7. The Hurst – Euless - Bedford Independent School District and School Board are organized under the laws of the State of Texas. Thus, Defendant may be served by and through its Superintendent, Dr. Joseph Harrington, 1849 Central Drive,

Bedford, Texas 76022, (817) 399-2020 [Telephone], (817) 354-3309 [Facsimile], JosephHarrington@hebisd.edu [Email]. Plaintiffs reasonably believe this Defendant will be represented by the Honorable Meredith Prykryl and the Honorable Jennifer Carrol both with the Law Firm of Walsh Gallegos Trevino Kyle & Robinson P.C., 105 Decker Court, Suite 700 Irving, Texas 75062; (214) 574-8800 [Telephone] and (214) 574-8801 [Facsimile].

## V. Facts

### A. *About Esperant*

8. Esperant was born in March of 2012. He met his maker on October 11, 2024, when he was just twelve (12) years old.

9. While alive, Espserant lived with his parents, within the HEB ISD catchment area. He attended the Donna Park Elementary School at the time of his passing.

10. For the Spring 2024 Semester, Esperant attended the Donna Park Elementary School.

11. His Physical Education Teacher was Mr. Damon Williams.

### B. *The District Knew Esperant Was a Student With a Disability*

12. On or about February 5, 2024, Esperant was in Physical Education Class.

13. He began to complain of shortness of breath and a headache and passed out.

14. He was taken to the School Nurse where he fell. The Nurse gave him some Tylenol.

15. His parents were called, who first took Esperant to the John Peter Smith facility and later to Cook's Children Hospital.

16. There, multiple tests were completed and it was determined, that among other things, he had an enlarged heart and a related neurological impairment.

17. Later, Staff from the John Peter Smith Health Network issued a "Physician's Order", noting Esperant was not permitted to participate in physical education classes until released to do so due to, among other things, Neurological Concerns.

18. Esperant now obviously had a disability affecting a major life activity, i.e., breathing. and exercising.

19. Mr. Kadiayizila provided this doctor's note to School District Staff at the Elementary School.

20. Father reasonably believe the information was provided to School Administrative staff; the School Principal, Julie McAvoy; the School Nurse, Taylor Valentine; the Physical Education Instructor, Damon Williams; and classroom teachers.

## C. *Applicable Law and School Board Policies and Procedures*

### 1. **Disability Discrimination**

21. The School Board has developed policies and procedures regarding discrimination based upon disability. *See* FB (LOCAL), FB (LEGAL) EQUAL EDUCATIONAL OPPORTUNITY. They are based upon and taken from commentary found

in the statute, rules, and/or regulations related to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Rehab Act"); promulgated; *see also* 34 C.F.R. Subpart D, §104.31- 104.39.

22.  They require the School District, regarding a child with a disability, to identify the child and give his parents notice of child's and their own rights under federal law and rules and relevant Board Policies & Procedures.

23.  The identified student must receive equal opportunity to participate safely in all educational services provided to their non-disabled peers. The student must receive all reasonable accommodations and modifications necessary to do so.

24.  The District must also consider, where applicable, the provision of an *Individual Health Plan*.

25.  The School Board further has to assure that Staff are trained on such matters.

   **2.   Emergency Medical Equipment**

26.  The School Board has developed policies and procedures regarding the use of emergency medical equipment and Automated External Defibrillators, pursuant to Texas Health & Safety Code, Section 779.001; *see also* Board policy CKD (LEGAL) SAFETY PROGRAM/RISK MANAGEMENT - EMERGENCY MEDICAL EQUJIPMENT & PROCEDURES.

27.  Among other things, there must be at least one Defribrillator on each campus.

28.  Staff must be trained on its use.

### D. The District Failed to Formally Accommodate Esperant's Disability

29. Even though School District Staff knew that Esperant had a significant disabling condition, they failed to accommodate it, in a number of manners and particulars. For instance, they needed to correctly identify Esperant as a student with a disability depriving him of a number of rights and remedies under the Rehab Act.

30. They never provided Esperant's parents information about their own and their child's rights under the law and board policies.

31. Because of this failure, by extension, they never communicated with his medical team in an effort to seek a copy of his medical records.

32. Further, they never communicated with his treatment team by phone, email, or otherwise seeking to find out more about Esperant's condition, limitations, and expected return to normalcy.

33. Because of these failures, the District never developed a formal *Section 504 Accommodation Plan* for Esperant in general or regarding athletics in particular.

34. In a related vein, because of these failures, the District never developed for Esperant a formal *Health Services Plan*.

35. Fortunately, through the rest of the Spring 2024, Semester, the School District Staff was able to follow the *Physician Orders* such that the failure to have a formal 504 or Health Plan was of no consequence. However, this was not to be the case later on.

### E. The Fall 2024 Semester

36. When School started for the Fall 2024, Semester, his father again provided the information to School District Staff about Esperant's ongoing neurological issues.

37. The District again failed to formally convene a Section 504 Accommodation Committee to address Esperant's disabling condition and related needs.

38. Upon reason and belief, Plaintiffs believe their son attended Physical Education Class in order to satisfy course requirements.

39. The District never developed a formal accommodation plan for Esperant's participation in physical education class.

40. The District never developed a formal Health Services Plan to address the extent of Esperant's participation in physical education class.

41. Mr. Williams was his physical education teacher again.

42. Upon reason and belief, Plaintiffs believe their son attended physical education class to satisfy course requirements.

43. There was a very simple known accommodation plan for him, formal or not – just keep him away from strenuous exercises and running in physical education class.

44. Upon reason and belief, Plaintiffs believe their son did benefit from socialization and some very light exercises while in the gymnasium.

45. On October 8, 2024, Mr. Williams had the entire class participate in a vigorous running activity.

46. When Esperant began to experience breathing problems, he told Mr. Williams and said he wanted to rest, but was not permitted to do so.

47. Some of the students attempted to intervene on Esperant's behalf, but to no avail. A few even attempted to hold Espeant up, but Williams would not permit them to do so.

48. With his heart now 'given out' Esperant collapsed, cut his chin, bled profusely, and expired.

49. While at the Donna Park Elementary School, it was well-known that Espeant had a disabling heart condition. They knew it affected a number of his major life activities, including but not limited to his ability to participate in physical education to the same extent as his non-disabled peers. The failed to accommodate his disability and his heart "gave out."

50. Staff attempted to use the AED apparatus but, upon reason and belief, did not know how to do so correctly,

51. A Staff Member contacted Emergency Medical Services.

52. At about 8:19 a.m., his family was contacted by a Staff Member. They were told their son was being taken to an Emergency Room. Later, the ER Physician told them he was already deceased.

## VI. State Action

53. Plaintiffs incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth. In addition, each sentence and para-

graph below, likewise incorporates by reference as if fully set forth herein, the one above it.

54. Here the School District was at all times and in all matters acting under color of state and federal law when Esperant was subjected to the acts, omissions, wrongs, and injuries set forth herein.

## VII. Claims Pursuant to the U.S. Constitution

*A. Esperant Had Constitutional Rights at School*

55. Plaintiffs contend that the acts and/or omissions of the School Board violated the rights of Esperant as to his physical privacy and life, liberty, and the pursuit of happiness, as contemplated by the Constitution of the United States for which he seeks recovery against the School District pursuant to 42 U.S.C. §1983.

56. In addition, he had a cognizable property right to an education pursuant to the Constitution of the United States and Texas. The School Board failed to ensure that he was able to enjoy such rights, and as such, Plaintiffs seek recovery for damages pursuant to 42 U.S.C. §1983.

*B. Claims Related to the 14th Amendment to the U.S. Constitution*

   1. **Due Process Claims**

57. Plaintiffs asserts that the School Board failed to sufficiently supervise staff to address the needs of children in general– and especially of a student with a disability like Esperant, thereby violating his rights pursuant to the Due Process Clause

of the Fourteenth Amendment of the Constitution of the United States, for which they seek recovery pursuant to 42 U.S.C. §1983.

58. In addition, Plaintiffs contends that School Board failed to sufficiently train staff regarding the needs of children in general– and especially a student with a disability like Esperant, likewise violating his rights pursuant to the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, for which his parents may seek recovery pursuant to 42 U.S.C. §1983.

### 2. Equal Protection Claim

59. Such acts and/or omissions of the School Board were a moving force in violating the rights of Esperant as a class of one, as contemplated by the *Equal Protection Clause* of the Fourteenth Amendment of the Constitution for which he seeks recovery pursuant to 42 U.S.C. §1983.

60. Such failures by the School Board were a moving force in violating the constitutional rights of Esperant as noted above.

## VIII. Violations of Section 504 of the Rehabilitation Act of 1973

61. The School District receives federal funds and thus must follow the requisites of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"). The implementing regulations of Section 504 require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled student's unique and individ-

ualized needs and fails to accommodate that child's disability and keep the student safe, it violates Section 504.

### A. Failure to Identify

62. Under the Rehabilitation At and the rules promulgated thereunder, 34 C.F.R., Part 104, Subpart D, Section 104.32 the School District has the affirmative duty to identify, locate, and give notice to the disabled students' parents, information about their rights under the Act, and discriminated against him thereby.

### B. Failure to Provide Fape

63. The School District failed to provide the Student a *Free Appropriate Public Education* as contemplated by the Rehab Act, and discriminated against him thereby.

### C. Professional Bad Faith or Gross Misjudgment Claim

64. Also, in addition to and in the alternative to the above, Plaintiffs assert that the School District Defendant demonstrated professional bad faith or gross misjudgment and/or mismanagement of the Espeant's educational plan, also as contemplated by the Rehab Act, and discriminated against him thereby.

### D. Failure to Keep Safe Claim

65. In addition and in alternative to the above, the Student asserts that the School District failed to provide him a safe and non-hostile educational environment, and as such he is a victim of discrimination based upon disability pursuant to Section 504 thereby.

*E. Failure to Accommodate Claim*

66. The above noted facts also support a plausible "failure to accommodate claim" pursuant to the Rehabilitation Act and similar to the ADA claim noted below.

*F. Disparate Treatment*

67. In addition and in alternative to the above, the Student asserts that the School District treated him differently than his non-disabled peers, and as such he is a victim of discrimination based upon disability for this claim, also pursuant to Section 504.

### IX. Claims Related to the Americans With Disabilities Act

68. In addition, and in the alternative to the above, the facts as previously described demonstrate violations of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq ("ADA").

69. Specifically, and separate and apart from her Section 504 cause of action, the Student alleges that the School District failed and refused to reasonably accommodate and modify services needed by him based upon his disabilities in violation of Title II of the ADA. Likewise, and also in addition and in the alternative, the Student was a victim of discrimination based upon disability by the School District.

### X. Claim for Damages for Wrongful Death

70. This claim for damages resulting from the wrongful death of Esperant is brought by his surviving parents pursuant to Tex. Civ. Prac. & Rem. Code, 71.001

et. seq. This claim is based upon the facts and legal theories more fully set out herein.

71. At the time of death, the decedent was otherwise in reasonably good health with a normal life expectancy.

72. The decedent was a loving and dutiful child and provided reasonable services to her mother and siblings.

73. As a result of the wrongful death of Esperant, his Heirs did suffer damages, including termination of the parent-child and familial relationship and severe mental anguish, and will, in reasonable probability, continue to suffer damages in the future as a direct result of the wrongful death of Esperant in an amount within the jurisdictional limits of the court.

## XI. Survivorship Claim

74. This claim for damages resulting from the death of Esperant is brought by her parents who will act as a personal representative of his estate. This claim is based upon the facts and legal theories more fully set out herein.

75. Any person required to be a named Plaintiff in this lawsuit to collect damages under Section 71.021., Tex. Civ. Prac. & Rem. Code, is a named Plaintiff, or will be added accordingly. Plaintiffs brings this survival action pursuant to Tex Civ. Prac. & Rem. Code, Section 71.021, because of personal injuries suffered by the decedent, which resulted in his death, based upon the facts and legal theories more fully set out above.

76. Plaintiffs seek damages for the conscious pain and suffering and mental anguish that the decedent suffered prior to death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of such wrongful death. Plaintiffs seek damages within the jurisdictional limits of the court.

## XII. Ratification and Respondeat Superior

77. The School Board ratified the acts, omissions and customs of School District personnel and staff.

78. Additionally, the School Board and School District are responsible for the acts and omissions of School District Staff Members who injured Esperant pursuant to the theory of *Respondeat Superior*.

## XIII. Damages

79. As a direct and proximate result of the Defendant's conduct, Esperant suffered injuries and damages, for which he and his parents are entitled to recover including, but not limited to:

    a. Loss of equal access to educational opportunities;
    b. Nominal damages;
    c. Physical pain in the past;
    d. Medical expenses in the past;
    e. Mental anguish in the past;
    f. Mental anguish in the future;
    g. Mental health costs in the past;
    h. Mental health costs in the future;
    i. Reimbursement of educational services in the past;
    j. Reimbursement for educational services to be paid in the future; and

  k. Reimbursement of past and future out-of-pocket expenses incurred by the family but for the acts and omissions of the Defendant.

80. Moreover, as a direct and proximate result of the Defendant's conduct, the parents of Esperant have suffered injuries and damages, for which they are entitled to recover herein including but not limited to:

  a. Nominal damages;
  b. Mental anguish in the past;
  c. Mental anguish in the future;
  d. Reimbursement of past and future out-of-pocket expenses incurred by the family but for the acts and omissions of the Defendant.

81. Last, the Plaintiffs seek reimbursement of reasonable attorneys' fees and costs.

## XIV. Damages

82. Plaintiffs hereby require and demand that the School District preserve and maintain all evidence pertaining to any claim or defense related to violations, causes of action, facts, and resulting damages set forth herein and/or made the basis of this petition and request for due process, including, but not limited to, statements, photographs, videotapes, audiotapes, surveillance, security tapes, business or medical records, incident reports, telephone records, emails, text messages, electronic data/information, and any other evidence, potential evidence, or potentially discoverable documents.

83. Failure to maintain such items will constitute "spoliation" of evidence, which will necessitate use of the spoliation interference rule—an inference or pre-

sumption that any negligent or intentional destruction of evidence was done because the evidence was unfavorable to the spoliator's case.

## XV. Demand for Jury Trial

84. Plaintiffs assert their rights under the Seventh Amendment to the United States Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## XVI. Conclusion and Prayer

85. Plaintiffs further pray for judgment against the School District Defendant in the manner and particulars noted above, and in an amount sufficient to fully compensate Esperant and his parents both in the representative and in their individual capacities, for the elements of injuries enumerated herein, pursuant to the United States Constitution, Section 504 of the Rehabilitation Act of 1973 and the Americans With Disabilities Act, reimbursement for reasonable attorneys' fees and costs and for such other and further relief as the Court may deem just and proper in law, equity, or both.

**Respectfully submitted,**

By:    /s/ Andrew G. Counts
Andrew G. Counts
Texas Bar No. 24036408
Andrew@OHareLawFirm.com
**The Law Offices of Tim O'Hare**
1038 S. Elm Street
Carrollton, Texas 75006
(972) 960-0000 – Phone
(972) 960-1330 – Fax

*And*

Martin J. Cirkiel, Esq.
Texas Bar No.: 00783829
Fed. ID No.: 21488
Marty@cirkielaw.com
**Cirkiel Law Group, P.C.**
1005 West 41st Street, Suite 202
Austin, Texas 78756
(512) 244-6658 – Phone
(512) 244-6014 – Fax

**Representatives for Plaintiffs**